IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

TERRANCE PAUL

      Plaintiff,

v.

CAROLYN COLVIN,[1]
Commissioner of Social Security,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. TMD 11-3360M


MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT


Terrance Paul ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g)

for judicial review of the final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying his claims for Disability Insurance Benefits and

Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42

U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment

(Pl.'s Mot. Summ., ECF No. 17) and Defendant's Motion for Summary Judgment. (Def.'s Mot.

Summ., ECF No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the

reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this lawsuit.

## I. Procedural History

Plaintiff filed his applications on March 31, 2009 alleging disability since May 21, 2007 due to right hand flexor tendon injury. R. at 189-90, 193-96, 212, 220. His claims were denied initially and on reconsideration. R. at 59-61, 66-67. On January 7, 2011, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 26-54. Plaintiff was represented by counsel. A supplemental hearing was held on July 19, 2011 at which a vocational expert ("VE") testified. R. at 495-505. In a decision July 29, 2011, the ALJ denied Plaintiff's request for benefits. R. at 13-21. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairment: right fourth finger injury, status post surgeries in 5/07, 8/07 and 3/08. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is unable to perform his past relevant work. At step five, the ALJ concluded that, given his residual functional capacity ("RFC"), Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 13-21.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that (1) the ALJ erred in relying on hypothetical jobs from the D.O.T. without affording counsel the opportunity to cross-examine the VE; and (2) the RFC is unsupported by medical evidence.

### A. VE Hypothetical

Plaintiff argues that he was improperly not afforded the opportunity to cross examine a VE about hypothetical jobs the ALJ included in his findings at step five of the sequential

evaluation.  R. at 20-21.  In this matter, the ALJ relied on the VE's responses to interrogatories

dated April 11, 2011, as well as vocational testimony provided at the supplemental hearing.  R.

at 271-74, 501-02.  Specifically, based on the VE evidence, the ALJ identified the following

jobs an individual with Claimant's RFC could perform: Counter Clerk, Tanning Salon

Attendant, Laminating Machine Offbearer, School Bus Monitor, and Surveillance System

Monitor.  R. at 20, 271-74, 501-03.

In her decision, the ALJ  also indicated that she had reviewed the Dictionary of

Occupational Titles and the Bureau of Labor Statistics and included other examples of jobs

within Claimant's RFC including Furniture Retail Consultant, Boat Rental Clerk, Usher and

Scaling Machine Operator.  R. at 21-22.  It is these jobs with which Plaintiff takes issue arguing

that he did not have an opportunity to cross examine a VE on these jobs and that if he did, they

would be eliminated based on the same reasons he claims that the others were eliminated at the

supplemental hearing.

The Court does not find that the jobs discussed by the ALJ that were subject to cross-

examination at the supplemental hearing suffer from flaws or should have been eliminated as

Plaintiff contends.  At the supplemental hearing, counsel questioned the VE by adding

restrictions of the right dominant hand as well as lifting restrictions.  R. at 499.  As a result, the

VE indeed ruled out the occupations in certain instances.[2]  R. at 499-501.  It is well-established,

that in order for VE testimony to be helpful, it must fairly set out all of Claimant's impairments.

_____

[2] The Court notes, however, that even counsel's cross-examination did not rule out the
occupation of Surveillance System Monitor.

*See Walker v. Bowen,* 889 F.2d 47, 50-51 (4th Cir. 1989).  The VE's testimony at the

supplemental hearing in which certain occupations were eliminated was not based on the RFC

ultimately accepted by the ALJ.[3]  As the Commissioner points out, the ALJ is free to reject

restrictions in hypothetical questions which do not accurately reflect the Claimant's limitations.

 As discussed below, the Court finds the ALJ's RFC is supported by substantial evidence; and

accordingly rejects Plaintiff's argument that the VE testimony based on the additional

limitations suggested at the supplemental hearing is relevant.  The Commissioner has satisfied

its burden at step five of the sequential evaluation.  Again, to the extent Plaintiff takes issue

with the additional occupations cited by the ALJ based strictly on the DOT, the Court need not

address this argument as any error would be harmless.[4]

B.      RFC

Next, Plaintiff argues that the ALJ erred because there is no medical opinion to support

the RFC because she rejected the only medical opinion in the record – that of Dr. Murphy. R. at

---

[3] The ALJ found Claimant capable of light work which provides for lifting up to 20 (not 10) pounds occasionally as suggested by counsel.  The ALJ further found Claimant capable of occasionally handling or fingering with his right hand, R. at 16, not, as counsel further suggests, precluded from using his right hand including being unable to write, grip or type.  R. at 500-01.

[4] At step five of the sequential evaluation, the Commissioner bears the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). To meet this requirement, the ALJ may take administrative notice of information available in publications such as the DOT or, when faced with complex issues, consult with a VE or other specialist. 20 C.F.R. §§ 404.1566(d) (e)(e), 416.966(d),(e) ." *Thompson v. Astrue,* 2010 WL 3878729 at * (D.S.C. June 16, 2010).

19.[5]  The determination of RFC is a function-by-function assessment, based upon all of the

relevant evidence, of what work-related activities a claimant can still do despite his limitations.

20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling ("SSR") 96–8P. "[I]n assessing RFC,

the adjudicator must consider only limitations and restrictions attributable to medically

determinable impairments" and provide "a narrative discussion describing how the evidence

supports each conclusion, citing specific medical facts (e.g., laboratory findings) and

nonmedical evidence (e.g., daily activities, observations)." SSR 96–8p; *see Walker v. Bowen,*

889 F.2d 47, 50 (4th Cir.1989) (ALJ must evaluate the effect of all of plaintiff's impairments

and adequately explain his RFC findings). Like all aspects of the ALJ's opinion, the ALJ's RFC

determination must be supported by substantial evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456

(4th Cir.1990).

With respect to Plaintiff's argument, an ALJ may reject medical opinions in the record

but rely on the underlying objective medical findings and facts.  *See Brown v. Astrue*, No. JKS-

09-92, 2010 WL 3191345, at *2 (D. Md. August 11, 2010) (*"Brown also contends that the ALJ

rejected all of the medical opinions, thus having no basis for the RFC assessment, and

substituted his judgment for the treating physician's opinion. However, although the ALJ, as

was his prerogative, rejected the treating physician's conclusory statements regarding Brown's

total disability, he nevertheless relied on the treating physician's objective medical findings and

facts.").  This is precisely what was done here.  The ALJ summarized the three corrective

_____

[5] In fact, the ALJ also rejected the administrative findings of the state agency medical physician
and in fact, adopted a *more restrictive* restriction to light as opposed to medium work.

surgeries performed on his finger.  R. at 17.  Significantly, he noted that the evidence reflects

Claimant's course of treatment as "infrequent" and "essentially conservative in nature."  *Id.*  For

example, in October, 2008, after complaints of finger, back and foot pain, he was prescribed

Flexeril and Motrin and given a pamphlet on back exercise and instructed to wear comfortable

shoes.  R. at 17, 325.  In January, 2009, he was referred for orthopedic and podiatry care based

on continued complaints of finger and foot pain.  R. at 17, 323.  Despite treatment records from

March, 2010 demonstrating essentially normal findings and good muscles strength, the ALJ still

provided Claimant with the benefit of the doubt; and to the extent Claimant suffers finger and

hand pain, the ALJ specifically limited him to occasional fingering and handling with his

dominant hand.  R. at 16-19.  The ALJ ultimately described the medical evidence as relatively

benign, and Plaintiff does not direct the Court's attention to any specific evidence that would

lead to a more restrictive RFC.     All of this constitutes substantial evidence supporting the

ALJ's RFC.

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A

separate order shall issue.


Date: May 29, 2013                                   _____/s/_____
                                                    THOMAS M. DIGIROLAMO
                                                    United States Magistrate Judge